UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

NORRIS, McLAUGHLIN & MARCUS, PA
Steven A. Karg
721 Route 202-206
P.O. Box 1018
Somerville, NJ 08876-1018
(908) 722-0700
Attorneys for Defendants, Pfizer Inc. and
Pharmacia Corporation

| | |
|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS HEALTH WELFARE and PENSION FUND, Individually and on behalf of all others similarly situated, | : <br> : <br> : Electronically Filed <br> : |
| Plaintiff, | : <br> : |
| v. | : CIVIL ACTION No. _____ <br> : |
| PFIZER INC. and PHARMACIA CORPORATION, | : <br> : <br> : |
| Defendants. | : <br> : |

## NOTICE OF REMOVAL

Pursuant to 28 *U.S.C.* §§ 1332, 1441, 1446, and 1453, Defendants Pfizer Inc. ("Pfizer"), with its principal office located at 235 E. 42nd Street, New York, New York, and Pharmacia Corporation ("Pharmacia"), with its principal office located at 100 Route 206 North, Peapack, New Jersey (together, the

"Defendants"), hereby remove this action with full reservation of all defenses, which had been pending as Docket No. ATL-L-1124-07MT in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey. The principal office of Plaintiff Central Pennsylvania Teamsters, Health, Welfare, and Pension Fund ("Plaintiff") is located at 1055 Spring Street, Wyomissing, Pennsylvania. Defendants state as follows:

1. <u>Complaint</u>. On or about April 5, 2007, Plaintiff filed an action against the Defendants seeking certification of a class of "[a]ll Third-party payors in the United States of America, who have paid any person or entity for the purchase of the prescription drugs Bextra and Celebrex since 1999." Compl. ¶ 45 (complaint attached hereto as Exhibit A). The putative class includes:

> any non-governmental entity that is (i) a party to a contract, issuer of a policy, or sponsor of a plan, which contract, policy, or plan provides prescription drug coverage to natural persons, and is also (ii) at risk, pursuant to such contract, policy or plan, to purchase or pay for all or part of the cost of prescription drugs dispensed to natural persons covered by such contract, policy, or plan.

*Id.* Plaintiff alleges that it "provides comprehensive health coverage for approximately 25,315 participants and beneficiaries in thirty-seven (37) states." *Id.* ¶ 1. The complaint brings counts alleging common law fraudulent misrepresentation and/or suppression and violations of the New Jersey Consumer Fraud Act (*N.J.S.A.* § 56:8-1, et seq.). *Id.* ¶¶ 46-65. Plaintiffs seek (i) unlimited "actual damages, treble damages and costs of suit, including attorneys' fees" with

2

respect to the New Jersey Consumer Fraud Act claim, *id.* at 16 (¶ b); (ii) unlimited "actual damages, exemplary and/or punitive damages and costs of suit, including attorneys' fees" with respect to the fraudulent misrepresentation and suppression claim, *id.* at 16 (¶ c); and (iii) unlimited "equitable relief" and "other relief that the Court may deem just and proper," *id.* at 16-17 (¶¶ d, e).

2. <u>Basis for Jurisdiction in this Court</u>. This Court has jurisdiction over this putative class action under the amendments of the Class Action Fairness Act of 2005 ("CAFA") to 28 *U.S.C.* § 1332 *et seq.* because: (a) this is a putative class action; (b) the citizenship of at least one putative class member is different from that of at least one defendant; (c) the putative class consists of at least 100 putative class members; and (d) the amount in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs. *See* 28 *U.S.C.* § 1332(d).

    a. <u>Class Action</u>. This action is a class action within the meaning of CAFA. 28 *U.S.C.* § 1332(d)(1)(B) (defining class action to include a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"). Here, this requirement is satisfied because "Plaintiff requests that this Court certify [a] Class pursuant to

Rule 4:32-1(b)(1), (2) and/or (3) of the New Jersey Court Rules." Compl. ¶ 45; *id.* ¶ 43 (moving "for class certification").

      b. <u>Diversity of Citizenship</u>. CAFA requires only minimal diversity, that is, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 *U.S.C.* § 1332(d)(2)(A). Here, this requirement is not only met, but exceeded, because there is complete diversity between the sole named Plaintiff and the Defendants. Moreover, the minimal diversity requirement is satisfied because at least one member of the putative class is a citizen of a state different from a defendant.

        i. <u>Citizenship of Named Plaintiff</u>. On information and belief, Plaintiff is an unincorporated association not organized under the laws of any state with its principal place of business in Pennsylvania. *See* Compl. ¶ 1 (alleging that Plaintiff is a trust fund under the Labor Management Relations Act and an employee benefit plan within the meaning of ERISA and maintains its principal place of business in Pennsylvania).[1] Accordingly, Plaintiff is, and was at all relevant times, a citizen of the Commonwealth of Pennsylvania. 28 *U.S.C.* § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

---

[1] Moreover, Plaintiff is not organized under the law of any of the states of which Defendants are citizens (Delaware, New York, or New Jersey). *See* Exhibit B (reflecting secretary of state website searches showing no record of Plaintiff being registered).

4

      ii. <u>Citizenship of Putative Class Members</u>. Certain members of the putative class—defined as *all* non-governmental entities in the United States that "are at risk . . . to purchase or pay for all or part of the cost of [Bextra or Celebrex] dispensed to natural persons covered by [a] contract, policy or plan" providing prescription drug coverage, Compl. ¶ 45—are citizens of a state other than that of any defendant. *See* 28 *U.S.C.* § 1332(d)(1)(D) (defining "'class members'" as "persons (named or unnamed) who fall within the definition of the proposed . . . class in a class action").

  For example, the South Dakota State Medical Holding Company, Inc. (f.k.a. South Dakota Physicians Health Group), also called DakotaCare, falls within the definition of the proposed class because it is a non-governmental HMO that includes or has included Celebrex on its formularies. *See* Exhibit C (excerpt from public sources listing formularies for DakotaCare). This entity is incorporated in and has its principal place of business in South Dakota, and is therefore a citizen of South Dakota. *See* 28 *U.S.C.* § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); Exhibit C (attaching DakotaCare Business Profile; South Dakota Secretary of State, Corporations Division, Corporation Information System Data re: South Dakota State Medical Holding Company, Inc.).

      iii. <u>Citizenship of Defendant Pfizer</u>. Defendant Pfizer is a Delaware corporation with its principal place of business in New York. *See* Compl. ¶ 2. Accordingly, Pfizer is, and was at all relevant times, a citizen of the States of Delaware and New York. *See* 28 *U.S.C.* § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

      iv. <u>Citizenship of Defendant Pharmacia</u>. Defendant Pharmacia is a Delaware corporation with its principal place of business in New Jersey. *See* Compl. ¶ 3. Accordingly, Pharmacia is, and was at all relevant times, a citizen of the States of Delaware and New Jersey. *See* 28 *U.S.C.* § 1332(c)(1). That Pharmacia is a New Jersey citizen has no bearing on the propriety of removal under CAFA. 28 *U.S.C.* § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought.").

    c. <u>Number Of Members In The Proposed Plaintiff Class</u>. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" be at least 100. 28 *U.S.C.* § 1332(d)(5)(B). Plaintiff brings this action on behalf of "*[a]ll Third-party payors in the United States of America*, who have paid any person or entity for the purchase of the prescription drugs Bextra and Celebrex since 1999." Compl. ¶ 45 (emphasis added). There are well in excess of

100 such "third-party payors." *See* Declaration of Sandra Morgan, East Area Vice President for Account Management, Managed Markets, Pfizer Inc. (May 3, 2007) ("Morgan Decl.") ¶ 3 (Exhibit D). Accordingly, the requirement that the number of members in the putative class be 100 or more is plainly satisfied. *See* 28 *U.S.C.* § 1332(d)(5)(B).

          d.          <u>Amount-in-Controversy</u>. CAFA requires that the "aggregate[]" "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 *U.S.C.* § 1332(d)(2) & (6). Here, Plaintiff alleges that because of Defendants' actions, "[b]illions of dollars have thus been wasted in which Plaintiffs and Class Members have paid a premium price." Compl. ¶ 41. Defendants deny liability for any damages, but the amount in controversy as demanded by Plaintiff and on behalf of the putative class plainly meets the jurisdictional minimum requirement.

          Plaintiff seeks unlimited "actual damages, exemplary and/or punitive damages and costs of suit, including attorneys' fees." Compl. at 16-17; *see also id.* ¶ 41 ("Billions of dollars have thus been wasted"); *id.* ¶ 42 (seeking "damages arising from the purchases of Bextra and Celebrex"). Nationwide, third-party payors (as defined by Plaintiff) "have made payments with respect to Celebrex and/or Bextra totaling significantly more than $100 million since 1999." Morgan Decl. ¶ 5. Thus, based on Plaintiff's actual damages request alone, the

7

amount in controversy plainly exceeds the $5 million statutory requirement—even before punitive damages, treble damages, and attorney's fees are considered.[2] *See* 28 *U.S.C.* § 1332(d)(2) & (6); *Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004).

3. <u>Removal is Not Barred</u>. Jurisdiction is mandatory, not discretionary, under CAFA because one-third or fewer of all putative class members, in the aggregate, are citizens of New Jersey. *See* 28 *U.S.C.* § 1332(d)(2); *cf.* 28 *U.S.C.* § 1332(d)(3) and (4). More than two-thirds of the members of the proposed class of plaintiffs, and at least one of the defendants, are citizens of states other than New Jersey.

In any event, removal is not otherwise barred under CAFA because, "during the 3-year period preceding the filing," at least one other class action was filed "asserting the same or similar factual allegations" against the Defendants on behalf of the same or other persons. 28 *U.S.C.* § 1332(d)(4); *see also* 28 *U.S.C.* § 1332(d)(3).[3] *See, e.g., In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. MDL 1699, Purchase Claims Master Celebrex Complaint (N.D. Cal. filed Mar. 1, 2006) (Exhibit E); *Central States, Southeast & Southwest Areas*

---

[2] Plaintiff further seeks unlimited "treble damages and costs of suit, including attorneys' fees" under the New Jersey Consumer Fraud Act. Compl. at 16; *see Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action"); Morgan Decl. ¶ 4 (Ex. D).

[3] Plaintiff would bear the burden to make a showing that these provisions apply. *See, e.g., Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007); *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 680-81 (7th Cir. 2006); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006); *Mattera v. Clear Channel Commc'ns, Inc.*, No. 06 Civ. 01878(DC), 2006 WL 3316967, at *10 (S.D.N.Y. Nov. 14, 2006).

*Health & Welfare Fund v. Pfizer Inc.* (filed in Atlantic County Superior Court, NJ (No. ATL-L-1120-07MT) on or about Apr. 5, 2007; removed to D.N.J. on May 4, 2007).

4. <u>Consent</u>. Under CAFA, even if there were any other defendants—and there are not—a putative class action such as this "may be removed by any defendant without the consent of all defendants." 28 *U.S.C.* § 1453(b). In all events, because Pfizer and Pharmacia are the sole defendants, the consent of no other party in this removal is required.

5. <u>Notice Given</u>. Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of the New Jersey Law Division, Atlantic County, New Jersey and serve same as set forth in the Declaration of Service submitted herewith. *See* 28 *U.S.C.* § 1446(d).

6. <u>Removal to Proper Court</u>. This Court is part of "the district and division embracing the place where" this action was filed – Atlantic County. 28 *U.S.C.* § 1441(a); 28 *U.S.C.* § 110.

7. <u>Removal is Timely</u>. This Notice of Removal is signed pursuant to *Fed. R. Civ. P.* 11 and is, upon information and belief, timely filed within 30 days after the date of the first receipt by Defendants of a copy of the initial pleading setting forth the claim for relief upon which this action is based. Pfizer and Pharmacia each were served with a copy of the summons and complaint on

April 13, 2007. *See* 28 *U.S.C.* § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that thirty day time period under removal statute begins to run from the date of formal service).

      8.    <u>Pleadings and Process</u>.  As required by 28 *U.S.C.* §1446(a), Defendants have attached as Exhibit A to this Notice of Removal a copy of the papers served on the Defendants in this matter.  As noted, Pfizer and Pharmacia each were served with a copy of the summons and complaint on April 13, 2007.

      9.    If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

      WHEREFORE, Pfizer Inc. and Pharmacia Corporation hereby remove this case from the Superior Court of New Jersey, Law Division, Atlantic County, to this United States District Court.

Dated: May 4, 2007

                                      Respectfully submitted,

                                      NORRIS, McLAUGHLIN & MARCUS, PA
                                      Attorneys for Defendants, Pfizer Inc. and
                                      Pharmacia Corporation

                                      By:  /s/Steven A. Karg
                                              Steven A. Karg

## **LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the matter in controversy is the subject of actions pending in other courts: *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. MDL 1699 (N.D. Cal.) and *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Pfizer Inc.* (filed in Atlantic County Superior Court, NJ (No. ATL-L-1120-07MT) on or about Apr. 5, 2007; removed to D.N.J. on May 4, 2007).

                                          NORRIS, McLAUGHLIN & MARCUS, PA
                                          Attorneys for Defendants, Pfizer Inc. and
                                          Pharmacia Corporation


                                          By: /s/ Steven A. Karg
                                               Steven A. Karg

Dated: May 4, 2007