1    communication network by which information concerning the Celebrex Enterprise is exchanged on

2    a regular basis. Typically this communication occurs by the use of electronic mail or the telephone

3    in which Defendants plan the operation of the Celebrex Enterprise alleged herein and ran its

4    continuing operation. This communication also occurred at meetings of the sales departments of

5    each Defendant.

6         237.    As part of their conduct of the Celebrex Enterprise and as part of the Enterprise's

7    decisional marketing structure, Defendants agreed to maintain close communications between

8    scientists at each company who were studying safety, agreed to control media access to safety news

9    and to provide each company's sales force with an agreed response to safety issues.

10        238.    In violation of Section 1962(c) of RICO, each Defendant conducted the affairs of

11   the Celebrex Enterprise with which they associated by reporting fraudulent, false, deceptive and/or

12   incomplete information as to the safety of Celebrex that were then disseminated nationwide.

13        **Defendants' Pattern of Racketeering Activity**

14        239.    Each Defendant conducted and participated in the affairs of the Celebrex Enterprise

15   through a pattern of racketeering activity, including acts that are indictable under 18 U.S.C. § 1341,

16   relating to mail fraud, and 18 U.S.C. § 1343, relating to wire fraud. Defendants' pattern of

17   racketeering likely involved thousands, if not hundreds of thousands, of separate instances of use of

18   the U.S. mails or interstate wire facilities in furtherance of their Celebrex Enterprise. Each of these

19   fraudulent mailings and interstate wire transmissions constitutes a "racketeering activity" within

20   the meaning of 18 U.S.C. § 1961(1)(B). Collectively, these violations constitute a "pattern of

21   racketeering activity," within the meaning of 18 U.S.C. § 1961(5), by means of which Defendants

22   intended to defraud Plaintiffs, members of the Class and other intended victims of the Celebrex

23   Enterprise.

24        240.    Defendants' fraudulent and unlawful Celebrex Enterprise consisted, in part, of

25   disseminating by means of the U.S. mails and interstate wire facilities fraudulent information as to

26   the safety and superiority of Celebrex. As a result, Defendants engaged in a fraudulent and

27   unlawful course of conduct constituting a pattern of racketeering activity.

28   516090.1                              - 76 -            Case No. M:05-CV-01699-CRB; MDL No. 1699

1        241.   Defendants' racketeering activities amounted to a common course of conduct, with

2  similar pattern and purpose, intended to deceive Plaintiffs and members of the Class. Each

3  separate use of the U.S. mails and/or interstate wire facilities employed by Defendants was related,

4  had similar intended purposes, involved similar participants and methods of execution, and had the

5  same results affecting the same victims, including Plaintiffs and members of the Class. Each

6  Defendant has engaged in the pattern of racketeering activity for the purpose of conducting the

7  ongoing business affairs of the Celebrex Enterprise.

8      **Defendants' Motive**

9        242.   Defendants' motive in creating and operating the Celebrex Enterprise and

10  conducting the affairs of the Celebrex Enterprise described herein was to fraudulently obtain sales

11  and profits.

12       243.   The Celebrex Enterprise was designed to, and did, encourage others, including

13  health care providers, to advocate the use of Celebrex. Thus, each Defendant used the Celebrex

14  Enterprise to sell more Celebrex, thereby fraudulently gaining sales and market share and profits.

15      **Damages Caused by Defendants' Enterprise**

16       244.   Defendants' violations of federal law and their pattern of racketeering activity have

17  directly and proximately caused Plaintiffs and members of the Class to be injured in their business

18  or property because Plaintiffs and members of the Class have paid billions of dollars in

19  overpayment for Celebrex.

20       245.   Through the use of the RICO enterprise, Defendants engaged in a pattern of

21  racketeering activity including at least multiple episodes of mail fraud and wire fraud. Consumers

22  and third party payors were injured in their property by reason of these violations, by, among other

23  things, having to pay hundreds of millions of dollars for Celebrex by reason of the unlawful

24  conduct.... Defendants and their co-conspirators engaged in numerous overt predicate fraudulent

25  racketeering acts in furtherance of the conspiracy, and by reason of this conduct consumers and

26  third party payors were injured in their property.

27

28

246.  Defendants' use of the mails and wires to perpetrate its fraud involved thousands of communications, including but not limited to:  communications with health insurers and patients, including Plaintiffs, inducing payments for Celebrex to be made based on misrepresentations concerning the safety, efficacy, and usefulness of Celebrex.

247.  Defendants' fraudulent scheme consisted of, inter alia:  deliberately misrepresenting the uses for which Celebrex was safe and effective so that Plaintiffs and members of the Class paid for this drug to treat symptoms for which it was not scientifically proven to be safe and effective and actively concealing and causing others to conceal, information about the true safety and efficacy of Celebrex.

248.  Plaintiffs and members of the Class have been injured in their business and property by reason of these violations in that Plaintiffs and the members of the Class have made hundreds of millions of dollars in payment for Celebrex that they would not have made had Defendants not engaged in its pattern of racketeering activity.  By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the Class have suffered ascertainable loss of damages.

249.  Plaintiffs' harm is caused by an indivisible course of conduct.  It is impossible to segregate the cumulative and compounding effect of Defendants' multi-faceted wrongful conduct in creating the artificial demand for Celebrex as well as its price inflation.  The intent of Defendants' conduct was to have the multi-faceted nature of its conduct increase demand for Celebrex and inflate its price.

250.  Under the provisions of Section 1964(c) of RICO, Defendants are jointly and severally liable to Plaintiffs and members of the Class for three times the damages that Plaintiffs and the Class Members have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Violation of the State Consumer Protection Laws)

251.  Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

252.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the manufacture, promotion, and sale of Celebrex to Plaintiffs and the proposed Class Members.

253.    As a proximate result of the Defendants' misrepresentations, Plaintiffs and the proposed Class Members have suffered an ascertainable loss, in an amount to be determined at trial.

254.    Defendants intended that Plaintiffs and Class Members rely on their materially deceptive practices and purchase Celebrex as a consequence of the deceptive practices, including Defendants' misrepresentations and omissions of material fact with respect to the true nature of Celebrex:

a.    Defendants' promotions of Celebrex as a safe drug for the treatment of pain and as having fewer side effects than comparable drugs on the market were deceptive, unfair, and unlawful in that Celebrex actually had an undisclosed risk of adverse cardiovascular events, did not have added benefits over NSAIDs, and was promoted solely for financial reasons and not due to any material increase in medical safety or efficacy over NSAIDs;

b.    Defendants' conduct was unfair, unlawful, and deceptive in that Defendants knew Celebrex was unsafe and increased the risk of adverse cardiovascular events, such as heart attack and stroke, to unacceptable levels, but omitted to disclose these facts to doctors and patients until 2005;

c.    Defendants' conduct was unfair, unlawful and deceptive by virtue of their manipulation of data in an effort to show that Celebrex was associated with a lower incidence of serious upper GI events when compared to NSAIDs when this was not true.

d.    Defendants' conduct was unfair, unlawful, and deceptive in that they failed to adequately disclose that no long term clinical trials have been conducted comparing valdecoxib to either placebo or non-selective NSAIDs, and that two short term trials of patients provided valdecoxib after coronary artery bypass graft ("CABG") surgery should

1    have a two-fold increased risk of serious adverse cardiovascular events compared to a

2    placebo.

3        e.    Defendants' conduct was unfair, unlawful, and deceptive in that they

4    suppressed, manipulated, and concealed information that would demonstrate Celebrex was

5    not superior to NSAIDs in the majority of patients;

6        f.    Defendants portrayed Celebrex as a relief for symptoms and diseases

7    without any statistically significant evidence for doing so;

8        g.    Defendants omitted material information known to them in order to induce

9    doctors to prescribe Celebrex and consumers to purchase Celebrex at a price that exceeded

10   its actual worth;

11       h.    Defendants established Celebrex as a standard course of treatment based

12   upon the use of reprints of articles appearing in prestigious medical journals which

13   Defendants knew were false and/or misleading; and

14       i.    Defendants committed unlawful acts by promoting and advertising Celebrex

15   in a manner that violated the Federal Food, Drug, and Cosmetic Act.  See 21 U.S.C.

16   §§ 331(a) and (b), 352(a), (f), and (n) and 355(a).

17   255.    Defendants' actions, as complained of herein, constitute unfair competition or

18   unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state

19   consumer protection statutes that allow third-party payors to bring claims.  Plaintiffs assert this

20   claim on behalf of third-party payors located in the states that permit TPP claims under the

21   consumer protection laws as set forth below.

22       (a)    Defendants have engaged in unfair competition or unfair or deceptive acts or

23   practices in violation of Alaska Stat. Code § 40.50.471, *et seq.*;

24       (b)    Defendants have engaged in unfair competition or unfair or deceptive acts or

25   practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

26

27

28   516090.1                          - 80 -         Case No. M:05-CV-01699-CRB; MDL No. 1699

PURCHASE CLAIMS MASTER CELEBREX COMPLAINT

(c)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*, including § 4-88-113(f), and § 4-8-102(5);

(d)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* and the Consumer Legal Remedies Act, Civ. Code § 1750 *et seq.* ("CLRA");

(e)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*, including § 6-1-113(1)(c) and § 6-1-102(b);

(f)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*, including § 42-110(a)(3);

(g)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*, including 6 Del. Code § 2512;

(h)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*, including § 28-390(1);

(i)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(j)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*, including § 481A-2;

(k)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*, including § 48-602;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(m)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*, including § 13-101(h);

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

1    (o)    Defendants have engaged in unfair competition or unfair or deceptive acts or

2    practices in violation of Mich. Stat. § 445.901, *et seq.*, including § 445-902(c);

3    (p)    Defendants have engaged in unfair competition or unfair or deceptive acts or

4    practices in violation of Minn. Stat. § 325F.67, *et seq.*, including § 407.010(5);

5    (q)    Defendants have engaged in unfair competition or unfair or deceptive acts or

6    practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

7    (r)    Defendants have engaged in unfair competition or unfair or deceptive acts or

8    practices in violation of Mont. Code § 30-14-101, *et seq.*, including § 30-14-102(5);

9    (s)    Defendants have engaged in unfair competition or unfair or deceptive acts or

10    practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*, including § 59-160(1);

11    (t)    Defendants have engaged in unfair competition or unfair or deceptive acts or

12    practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

13    (u)    Defendants have engaged in unfair competition or unfair or deceptive acts or

14    practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*, including § 358-A:1(1);

15    (v)    Defendants have engaged in unfair competition or unfair or deceptive acts or

16    practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*, § 56:8-1(d);

17    (w)    Defendants have engaged in unfair competition or unfair or deceptive acts or

18    practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

19    (x)    Defendants have engaged in unfair competition or unfair or deceptive acts or

20    practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

21    (y)    Defendants have engaged in unfair competition or unfair or deceptive acts or

22    practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

23    (z)    Defendants have engaged in unfair competition or unfair or deceptive acts or

24    practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*, including § 51-15-01(4);

25    (aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or

26    practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*, including § 1345.01(B);

27

28    516090.1                          - 82 -                  Case No. M:05-CV-01699-CRB; MDL No. 1699

1    (bb)    Defendants have engaged in unfair competition or unfair or deceptive acts or

2    practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

3    (cc)    Defendants have engaged in unfair competition or unfair or deceptive acts or

4    practices in violation of Or. Rev. Stat. § 646.605, *et seq.,* including § 646.605(4);

5    (dd)    Defendants have engaged in unfair competition or unfair or deceptive acts or

6    practices in violation of 73 Pa. Stat. § 201-1, *et seq.,* including § 201-2(2);

7    (ee)    Defendants have engaged in unfair competition or unfair or deceptive acts or

8    practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.,* including § 6-13.1(3);

9    (ff)    Defendants have engaged in unfair competition or unfair or deceptive acts or

10    practices in violation of S.C. Code Laws § 39-5-10, *et seq.,* including § 39-5-10(9);

11    (gg)    Defendants have engaged in unfair competition or unfair or deceptive acts or

12    practices in violation of S.D. Code Laws § 37-24-1, *et seq.,* including § 37-24-1(8);

13    (hh)    Defendants have engaged in unfair competition or unfair or deceptive acts or

14    practices in violation of Tenn. Code § 47-18-101, *et seq.,* including § 47-18-103(9);

15    (ii)    Defendants have engaged in unfair competition or unfair or deceptive acts or

16    practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.,* including § 17.45(4);

17    (jj)    Defendants have engaged in unfair competition or unfair or deceptive acts or

18    practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

19    (kk)    Defendants have engaged in unfair competition or unfair or deceptive acts or

20    practices in violation of Va. Code § 59.1-196, *et seq.,* including § 59.1-198;

21    (ll)    Defendants have engaged in unfair competition or unfair, deceptive acts or

22    fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.,* including

23    § 19.86.010(1);

24    (mm)    Defendants have engaged in unfair competition or unfair or deceptive acts or

25    practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

26    (nn)    Defendants have engaged in unfair competition or unfair or deceptive acts or

27    practices in violation of Wis. Stat. § 100.20, *et seq.*; and

28    516090.1

1        (oo)   Defendants have engaged in unfair competition or unfair or deceptive acts or

2   practices in violation of Wyo. Stat. § 40-12-100, *et seq.,* including § 40-12-102(a)(i).

3        256.   Defendants' actions, as complained of herein, constitute unfair competition or

4   unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state

5   consumer protection statutes that allow consumers to pursue claims.  Plaintiffs thus assert this

6   claim on behalf of Class Members in the states identified below and pursuant to the statutes

7   identified below:

8        (a)   Defendants have engaged in unfair competition or unfair or deceptive acts or

9   practices in violation of Alaska Stat. Code § 40.50.471, *et seq.;*

10        (b)   Defendants have engaged in unfair competition or unfair or deceptive acts or

11   practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.;*

12        (c)   Defendants have engaged in unfair competition or unfair or deceptive acts or

13   practices in violation of Ark. Code § 4-88-101, *et seq.;*

14        (d)   Defendants have engaged in unfair competition or unfair or deceptive acts or

15   practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* and the Consumer Legal

16   Remedies Act, Civ. Code § 1750 *et seq.* ("CLRA");

17        (e)   Defendants have engaged in unfair competition or unfair or deceptive acts or

18   practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.;*

19        (f)   Defendants have engaged in unfair competition or unfair or deceptive acts or

20   practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.;*

21        (g)   Defendants have engaged in unfair competition or unfair or deceptive acts or

22   practices in violation of 6 Del. Code § 2511, *et seq.;*

23        (h)   Defendants have engaged in unfair competition or unfair or deceptive acts or

24   practices in violation of D.C. Code § 28-3901, *et seq.;*

25        (i)   Defendants have engaged in unfair competition or unfair or deceptive acts or

26   practices in violation of Fla. Stat. § 501.201, *et seq.;*

27

28   516090.1

1               (j)      Defendants have engaged in unfair competition or unfair or deceptive acts or

2 practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

3               (k)      Defendants have engaged in unfair competition or unfair or deceptive acts or

4 practices in violation of Idaho Code § 48-601, *et seq.*;

5               (l)      Defendants have engaged in unfair competition or unfair or deceptive acts or

6 practices in violation of 815 ILCS § 505/1, *et seq.*;

7               (m)      Defendants have engaged in unfair competition or unfair or deceptive acts or

8 practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

9               (n)      Defendants have engaged in unfair competition or unfair or deceptive acts or

10 practices in violation of Kan. Stat. § 50-623, *et seq.*;

11               (o)      Defendants have engaged in unfair competition or unfair or deceptive acts or

12 practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

13               (p)      Defendants have engaged in unfair competition or unfair or deceptive acts or

14 practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

15               (q)      Defendants have engaged in unfair competition or unfair or deceptive acts or

16 practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

17               (r)      Defendants have engaged in unfair competition or unfair or deceptive acts or

18 practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

19               (s)      Defendants have engaged in unfair competition or unfair or deceptive acts or

20 practices in violation of Mich. Stat. § 445.901, *et seq.*;

21               (t)      Defendants have engaged in unfair competition or unfair or deceptive acts or

22 practices in violation of Minn. Stat. § 325F.67, *et seq.*;

23               (u)      Defendants have engaged in unfair competition or unfair or deceptive acts or

24 practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

25               (v)      Defendants have engaged in unfair competition or unfair or deceptive acts or

26 practices in violation of Mont. Code § 30-14-101, *et seq.*;

27

28

1    (w)    Defendants have engaged in unfair competition or unfair or deceptive acts or

2    practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

3    (x)    Defendants have engaged in unfair competition or unfair or deceptive acts or

4    practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

5    (y)    Defendants have engaged in unfair competition or unfair or deceptive acts or

6    practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

7    (z)    Defendants have engaged in unfair competition or unfair or deceptive acts or

8    practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

9    (aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or

10    practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

11    (bb)    Defendants have engaged in unfair competition or unfair or deceptive acts or

12    practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

13    (cc)    Defendants have engaged in unfair competition or unfair or deceptive acts or

14    practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

15    (dd)    Defendants have engaged in unfair competition or unfair or deceptive acts or

16    practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

17    (ee)    Defendants have engaged in unfair competition or unfair or deceptive acts or

18    practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

19    (ff)    Defendants have engaged in unfair competition or unfair or deceptive acts or

20    practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

21    (gg)    Defendants have engaged in unfair competition or unfair or deceptive acts or

22    practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

23    (hh)    Defendants have engaged in unfair competition or unfair or deceptive acts or

24    practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

25    (ii)    Defendants have engaged in unfair competition or unfair or deceptive acts or

26    practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

27

28

1         (jj)    Defendants have engaged in unfair competition or unfair or deceptive acts or

2    practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

3         (kk)    Defendants have engaged in unfair competition or unfair or deceptive acts or

4    practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

5         (ll)    Defendants have engaged in unfair competition or unfair or deceptive acts or

6    practices in violation of Tenn. Code § 47-18-101, *et seq.*;

7         (mm)  Defendants have engaged in unfair competition or unfair or deceptive acts or

8    practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

9         (nn)    Defendants have engaged in unfair competition or unfair or deceptive acts or

10    practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

11         (oo)    Defendants have engaged in unfair competition or unfair or deceptive acts or

12    practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

13         (pp)    Defendants have engaged in unfair competition or unfair or deceptive acts or

14    practices in violation of Va. Code § 59.1-196, *et seq.*;

15         (qq)    Defendants have engaged in unfair competition or unfair, deceptive acts or

16    fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*;

17         (rr)    Defendants have engaged in unfair competition or unfair or deceptive acts or

18    practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

19         (ss)    Defendants have engaged in unfair competition or unfair or deceptive acts or

20    practices in violation of Wis. Stat. § 100.20, *et seq.*; and

21         (tt)    Defendants have engaged in unfair competition or unfair or deceptive acts or

22    practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

23    257.   Plaintiffs provided notice of this litigation as follows:

24    258.   In addition, on March 1, 2006, notice was sent to each Attorney General in each of

25 the states requiring notice and where demand on a Defendant is required, such demand was made

26 on March 1, 2006.

259.    Pursuant to Section 1782 of the CLRA, in conjunction with the filing of this action, Plaintiffs have notified Defendants in writing of the particular violations of Section 1770 of the CLRA (the "Notice") and has demanded that Defendants refund the purchase price of Celebrex. Plaintiffs sent the Notice by certified mail, return-receipt requested to Defendants' registered agent of service/principal place of business in California.

260.    As a direct, proximate and foreseeable result of Defendants' actions, Plaintiffs and members of the Class paid for higher priced Celebrex instead of purchasing a lower-priced generic and/or a lower priced Celebrex.

261.    If Plaintiffs and members of the Class had not been deceived concerning the safety and effectiveness of Celebrex, they would have taken steps so as to not purchase Celebrex at the prices set by Defendants. Among the possible steps is to exclude Celebrex from their approved schedules, set a lower scheduled value in the formulary, set a high co-pay obligation, and otherwise dissuade doctors from prescribing Celebrex.

262.    Defendants' unlawful actions caused the purchase of, or payment for Celebrex by Plaintiffs, and as a result Plaintiffs paid more than they otherwise would have for NSAIDs: had a reasonable Plaintiff known the truth that Defendants misrepresented and concealed that Plaintiffs would have used and/or paid for another less expensive, equally effective, and at least as safe NSAID — many of which were available without a prescription and therefore would not have generated unnecessary physician visits with the unnecessary expense to plaintiffs. Defendants would have lost a sale, and Plaintiffs would have avoided loss.

263.    Plaintiffs and members of the Class were injured by the cumulative and indivisible nature of Defendants' conduct. The cumulative effect of Defendants' conduct directed at physicians and consumers was to artificially create demand for Celebrex in lieu of other NSAIDs and/or caused Celebrex to command an artificially inflated price. Each aspect of Defendants' conduct combined to artificially create sales of Celebrex and/or to result in overpayments by Class Members.

264.    As a direct and proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiffs and the Class have suffered actual economic damage by paying for Celebrex in lieu of other cheaper drugs and/or to pay at an artificially inflated price.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

265.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

266.    To the detriment of Plaintiffs and members of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, inter alia, payments for Celebrex.

267.    Plaintiffs and members of the Class were injured by the cumulative and indivisible nature of Defendants' conduct. The cumulative effect of Defendants' conduct directed at physicians and consumers was to artificially create demand for Celebrex at an artificially inflated price. Each aspect of Defendants' conduct combined to artificially create sales of Celebrex.

268.    Defendants have unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Celebrex and continue to so benefit to the detriment and at the expense of Plaintiffs and members of the Class.

269.    Accordingly, Plaintiffs and members of the Class seek full restitution of the Defendants' enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

### FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty)

270.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

271.    Defendants are merchants and are in the business of selling selective COX-2 inhibitor drugs such as Celebrex.

272.    Celebrex was not of merchantable quality and was not fit for its intended use, because it causes increased risk of serious cardiovascular and cerebrovascular adverse events, including heart attacks, strokes and other serious and harmful adverse health effects.

273.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et seq.*

274.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et seq.*

275.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et seq.*

276.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et seq.*

277.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et seq.*

278.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et seq.*

279.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et seq.*

280.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et seq.*

281.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of D.C. Code Ann. § 28:2-314, *et seq.*

282.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et seq.*

283.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ga. Code Ann. § 11-2-314, *et seq.*

284.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et seq.*

285.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Id. Code § 28-314, *et seq.*

286.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et seq.*

287.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Indiana Code Ann. § 26-1-2-314, *et seq.*

288.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et seq.*

289.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et seq.*

290.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ky. Rev. Stat. § 355.2-314, *et seq.*

291.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of, and is liable in redhibition under, La. Civ. Code Ann. art. 2520, *et seq.*

292.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et seq.*

293.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et seq.*

294.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106, § 2-314, *et seq.*

295.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2314, *et seq.*

296.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et seq.*

297.     Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et seq.*

298.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et seq.*

299.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et seq.*

300.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Neb. Rev. Stat. U.C.C. § 2-314, *et seq.*

301.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et seq.*

302.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et seq.*

303.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et seq.*

304.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et seq.*

305.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law § 2-314, *et seq.*

306.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et seq.*

307.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-31, *et seq.*

308.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, *et seq.*

309.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et seq.*

310.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et seq.*

311.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314, *et seq.*

312.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et seq.*

313.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et seq.*

314.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of S.D. ST. 857A-2-314, *et seq.*

315.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et seq.*

316.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Tex. Bus. & Com. Code Ann. § 2.314, *et seq.*

317.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et seq.*

318.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314, *et seq.*

319.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, *et seq.*

320.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et seq.*

321.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of W. Va. Code § 46-2-314, *et seq.*

322.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Wis. Stat. Ann. § 402.314, *et seq.*

323.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et seq.*

1    324.    As a proximate cause of Pfizer's breach of warranty, Plaintiffs and the Class

2    suffered ascertainable losses, injuries and damages as specified herein in an amount to be

3    determined at trial.

4    325.    In marketing and selling Celebrex, Defendants impliedly warranted that Celebrex

5    provided effective pain relief without the gastrointestinal side effects of traditional NSAIDs.

6    326.    In marketing and selling Celebrex, Defendants intentionally mislead purchasers to

7    believe, and impliedly warranted, that Celebrex possessed the same cardio-protective properties

8    and skin dangers as traditional NSAIDs.

9    327.    In reality, Celebrex failed to provide effective pain relief without the gastrointestinal

10    side effects of traditional NSAIDs. Celebrex also did not possess the same cardio-protective

11    properties and skin dangers as traditional NSAIDs. In fact, Celebrex caused or exacerbated

12    cardiovascular injury far more often than traditional NSAIDs, and even more often than other

13    selective COX-2 inhibitor drugs. Accordingly, for these and other reasons, Celebrex was not fit for

14    the purposes for which it was sold and used, and it does not pass without objection in the trade.

15    328.    Defendants did not effectively disclaim or otherwise limit their implied warranty of

16    merchantability with respect to Celebrex. Therefore, Defendants breached the implied warranty of

17    merchantability as to Plaintiffs and each member of the Class.

18    **VII.    PRAYER FOR RELIEF**

19    WHEREFORE, Plaintiffs pray that:

20    A.    The Court determine that this action may be maintained as a class action pursuant to

21    Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims for

22    declaratory, equitable and injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil

23    Procedure with respect to the claims for damages, and declaring Plaintiffs as representative of the

24    Class and Plaintiffs' counsel as counsel for the Class; and designating such 23(c)(4)(A) class issues

25    and/or 23 (c)(4)(B) subclasses as appropriate.

26    B.    The conduct alleged herein be declared, adjudged and decreed to be unlawful;

27

28    516090.1                              - 94 -                Case No. M:05-CV-01699-CRB; MDL No. 1699

1       C.     Plaintiffs and the Class be granted an award of damages in such amount to be

2 determined at trial, with trebled damages as provided by law;

3       D.     Plaintiffs and the Class be granted an award of punitive damages in such amount to

4 be determined at trial;

5       E.     Defendants be enjoined from continuing the illegal activities alleged herein;

6       F.     Plaintiffs and the Class recover their costs of suit, including reasonable attorneys'

7 fees and expenses as provided by law; and

8       G.     Plaintiffs and the Class be granted such other, further, and different relief as the

9 nature of the case may require or as may be determined to be just, equitable, and proper by this

10 Court.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

DATED:  March 1, 2006

Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

By: _____

_____
Elizabeth J. Cabraser

Elizabeth J. Cabraser
**ecabraser@lchb.com**
Scott P. Nealey
snealey@lchb.com
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Plaintiffs' Liaison Counsel*

1

2

HAGENS BERMAN SOBOL SHAPIRO LLP

3

By    /s/ Steve W. Berman
    Steve W. Berman
steve@hbsslaw.com

4

Douglas C. McDermott
doug@hbsslaw.com

5

1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

6

Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

7

8

Thomas M. Sobol
David S. Nalven, DN-2374
HAGENS BERMAN SOBOL SHAPIRO LLP

9

One Main Street, Fourth Floor
Cambridge, MA  02142

10

Telephone:  617-482-3700
Facsimile:  (617) 482-3003

11

12

James R. Dugan, II, T.A. (LSBA No. 24785)
David L. Browne (LSBA No. 20729)
Douglas R. Plymale (LSBA No. 28409)

13

DUGAN & BROWNE, LLC
650 Poydras Street, Suite 2150

14

New Orleans, LA  70130
Telephone:  (504) 648-0180

15

Facsimile:  (504) 648-0181

16

Art Sadin
SADIN LAW FIRM, P.C.

17

1104 S. Friendswood Drive, Suite A
Friendswood, TX  77546

18

Telephone:  (281) 648-7711
Facsimile:  (281) 648-7799

19

20

Lewis Kahn
KAHN GUATHIER LAW GROUP, L.L.C.
650 Poydras Street, Suite 2150

21

New Orleans, LA  70130
Telephone:  (504) 455-1400

22

Facsimile:  (504) 455-1498

23

Christopher A. Seeger
SEEGER WEISS, LLP

24

One William Street
New York, NY  10004-2502

25

Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

26

27

28

516090.1

- 96 -

Case No. M:05-CV-01699-CRB; MDL No. 1699

1

2

3

4

5   Don Barrett
    BARRETT LAW OFFICES
    450 Court Square
    Lexington, MS  39095-0987
    Telephone: (662) 834-2376
    Facsimile: (662) 834-2628

4

5   Frank M. Pitre
    COTCHETT, PITRE, SIMON & McCARTHY
    San Francisco Airport Officer Center
6   840 Malcolm Road, Suite 200
    Burlingame, CA  94010
7   Telephone: (650) 697-6000
    Facsimile: (650) 697-0577

8

9   Leonard Barrack
    Robert Hoffman
    Jeffrey Gittleman
10  Chad Carder
    BARRACK, RODOS & BACINE
11  2001 Market Street
    3300 Two Commerce Square
12  Philadelphia, PA  19103
    Telephone: (215) 963-0600
13  Facsimile: (215) 963-0838

14  Howard M. Bushman
    HARKE & CLASBY LLP
15  155 South Miami Avenue, Suite 600
    Miami, Florida  33130
16  Telephone: (305) 536-8219
    Facsimile: (305) 536-8229

17

18  L.S. Charfoos (N.Y Reg #2061406)
    Jason J. Thompson (P47184)
    Ann K. Mandt (P46314)
19  CHARFOOS & CHRISTENSEN, P.C.
    5510 Woodward Ave.
20  Detroit, MI  48202
    Telephone: (313) 875-8080
21  Facsimile: (313) 875-8522

22  Ronald S. Goldser
    ZIMMERMAN REED, PLLP
23  651 Nicollet Mall, Suite 501
    Minneapolis, MN  55402
24  Telephone: (612) 341-0400
    Facsimile: (612) 341-0844

25

26

27

28  516090.1                           - 97 -          Case No. M:05-CV-01699-CRB; MDL No. 1699

PURCHASE CLAIMS MASTER CELEBREX COMPLAINT

1

2

3

4

Jeffrey S. Goddess
ROSENTHAL, MONHAIT, GROSS & GODDESS
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899-1070
Telephone:  (302) 656-4433
Facsimile:  (302) 658-7567

5

6

7

8

Richard L. Horwitz
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

9

10

11

12

13

Garve W. Ivey, Jr.
Barry A. Ragsdale
William Adair, Jr.
IVEY & RAGSDALE
315 West 19th Street
P. O. Box 1349
Jasper, AL  35502-1349
Telephone:  (205) 221-4644
Facsimile:  (205) 252-8484

14

15

16

Jonathan B. Lowe
LOWE MOBLEY & LOWE
P. O. Box 576
Haleyville, AL  35575-0576
Telephone:  (205) 486-5296
Facsimile:  (205) 486-4531

17

18

19

20

Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF, PC
1818 Market Street, Suite 2500
Philadelphia, PA  19106
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

21

22

23

Christopher A. Neal
CHRISTOPHER A. NEAL & ASSOCIATES, P.C.
300 Harwood
Bedford, TX  76021
Telephone:  (817) 545-6100
Facsimile:  (817) 589-2530

24

*Attorneys for the Celebrex Purchaser Plaintiffs*

25

26

27

28